AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, a
corporation, Appellant,

v.

James P. CROOK, and Norman Edward
Crook, and Joe Rodriguez and L. A.
Herrald, Appellees.

No. 8520.

United States Court of Appeals
Fourth Circuit.

Argued March 29, 1962.

Decided April 6, 1962.

Donald D. Hodson and L. L. Scherer, Beckley, W. Va. (W. H. File, Jr., Beckley, W. Va., on the brief), for appellant.

Warren A. Thornhill, III, Beckley, W. Va. (A. J. Sparacino, Beckley, W. Va., on the brief), for appellees, Joe Rodriguez and L. A. Herrald.

Before HAYNSWORTH, BRYAN and BELL, Circuit Judges.

PER CURIAM.

The automobile liability policy issued to James P. Crook by the American Casualty Company of Reading, Pennsylvania, extended coverage to him and any member of his family while operating an automobile not owned by the insured provided such automobile did not belong to a relative of the insured who was a resident of the same household. A son, Norman Edgar Crook, had an accident on August 17, 1960 in West Virginia as he drove the Ford car of Arleigh Cole, his uncle. The latter, the brother of the wife of the insured, had arrived at the Crook home three or four days prior.

Norman had lived with his parents until his induction into the Armed Forces; he was at home on leave on the day of the accident when Cole lent him the Ford. In a declaratory judgment action brought by the insurer against James and Norman Crook—father and son—and two persons injured in the accident, the District Court held Cole was not a resident of the Crook household, so that Norman was protected by the policy.

On this issue the insurer appeals. We affirm. The findings of the District Judge cannot be disturbed, for certainly they are not "clearly erroneous". F.R. Civ.P. rule 52(a), 28 U.S.C.A. The evidence was conflicting but the facts could well be found—as they were—by the trial court as follows:

"Arleigh Cole * * * had been divorced for several years and since his divorce has lead a somewhat nomadic pattern of life. He has lived or visited from time to time

with members of his family, or has stayed in hotels or rooming houses. For a number of months in the year 1959, he worked on a construction job at The Beckley National Bank in Beckley, West Virginia, and during that time stayed in the home of the Crooks in White Oak. During that period he sometimes drove to work with James P. Crook, but more frequently travelled to and from work with other parties. In October, 1959, he left Beckley and went to Florida, where he resided in an apartment and worked on various construction projects. While in Florida he purchased a Ford automobile and returned to West Virginia sometime during the Easter Season in 1960. On his return to West Virginia he resided with the Lilly family in Nimitz for several months and also stayed a short time with his mother at Sand Knob. Three or four days prior to August 17, 1960, he arrived at the Crook's home in White Oak. He brought some of his personal belongings into the house, slept in one of the rooms with other members of the family, ate his meals with the family and to a large degree participated in their social and family activities. He paid no room or board on this occasion nor had he paid any room or board during the months he stayed at the Crook's home in 1959. During the period prior to August 17, 1960, he did not drive the truck owned by James P. Crook nor did Crook drive his Ford automobile. On at least one occasion Norman Edward Crook drove the Ford automobile but on that occasion Norman Edward Crook asked his uncle for permission to use the vehicle."

From these evidential findings the Court drew the ultimate conclusion that Cole was not a resident of the household of James Crook, the insured. In this there was no error. See Fidelity and Casualty Co. v. Jackson, 297 F.2d 230 (4 Cir., 1961).

Affirmed.